UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**GLENN D. ODOM**                                                                                                  **PLAINTIFF**

**v.**                                                     **CIVIL ACTION NO. 3:24-CV-P233-JHM**

**JESSICA BEARD** *et al.*                                                                     **DEFENDANTS**

**MEMORANDUM OPINION**

      This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the action will be dismissed.

**I.**

      Plaintiff Glenn D. Odom is incarcerated as a convicted prisoner at Kentucky State Penitentiary (KSP). He brings this action against Jessica Beard, his public defender, and two other individuals who work for the Kentucky Department of Public Advocacy (DPA), Director Damon Preston and Mr. Kenny. Plaintiff sues all Defendants in their individual capacities and sues Defendant Preston in his official capacity as well.

      Plaintiff states that he has been indicted in the death of another inmate. He alleges that Defendant Beard refuses to allow him to represent himself in his state-court criminal proceeding; that she has too many cases to effectively represent him; that she refuses to allow him to complete discovery; that she refuses to question Plaintiff's witnesses; and that she allows prison guards to overhear attorney-client communications which they then gossip about and that this gossip has caused Plaintiff to be jumped by gang members on more than one occasion.

Plaintiff alleges that he wrote to Defendant Preston regarding his concern that Defendant Beard was violating his constitutional rights and reiterated that he was innocent and that his case was not receiving specialized attention. He states that Defendant Preston ignored him.

Finally, Plaintiff alleges that Defendant Kenny is an investigator for the DPA and that he falsified a witness transcript. Plaintiff specifically states that an inmate told Defendant Kenny, "I know for a fact that [plaintiff] did not kill Conn. He's too small. Gunn killed him." However, according to Plaintiff, Defendant Kenny typed, "I know for a fact that [plaintiff] did kill Conn. He's too small. Gunn killed him."

Plaintiff states that these allegations show that Defendants violated his rights under the First Amendment, Sixth Amendment, and Fourteenth Amendment. He also asserts a state-law claim for the intentional infliction of emotional distress.

As relief, Plaintiff seeks nominal damages in the amount of $1.00.

**II.**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 608.

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)

(citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

#### A. *Younger* Abstention

Plaintiff previously filed suit against these Defendants based upon the same allegations but sought injunctive relief. *See Odom v. Beard*, No. 3:24-cv-P185-CRS. That action was dismissed in accordance with the *Younger* abstention doctrine.

As the Court explained in that action, the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), requires the Court to abstain from interfering in ongoing criminal proceedings. The doctrine "provides that a federal court should abstain from interfering in a state court action when (1) there is an ongoing state judicial proceeding, (2) the state proceeding implicates important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Graves v. Mahoning Cnty.*, 534 F. App'x 399, 406 (6th Cir. 2013) (citing *Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008)). The Commonwealth of Kentucky has an important

interest in adjudicating Plaintiff's criminal action, and Plaintiff has not articulated any reason to believe that the Kentucky state courts will not fully and fairly litigate his constitutional claims. If he is found guilty of the charges against him, he still has a number of state-court remedies available to him, including the Kentucky state appeals process and post-conviction relief.

Plaintiff seeks only nominal damages in this action. However, the *Younger* abstention doctrine also applies where a plaintiff seeks damages, s*ee Carroll v. City of Mt. Clemens*, 139 F.3d 1072, 1075 (6th Cir. 1998), or declaratory relief. *See O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008).

### B. § 1983 Claims

Setting aside *Younger*, this action is subject to dismissal for other reasons. Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991). As set forth above, Plaintiff states he is bringing claims against Defendants for violations of various constitutional rights.

#### 1. Defendant Beard

Defendant Beard is Plaintiff's public defender. It is firmly established that a defense attorney, regardless of whether she is a public defender or a private attorney, is not a state actor for purposes of § 1983. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel

to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."). Thus, Plaintiff's individual-capacity claims against Defendant Beard brought pursuant to § 1983 must be dismissed for failure to state a claim upon which relief may be granted.

### 2. Defendant Kenny

Plaintiff alleges that Defendant Kenny is an investigator for the DPA and that he "falsified" a witness transcript. Retained or appointed investigators functioning as part of a plaintiff's criminal defense team are also typically not state actors for purposes of § 1983. *Gooch v. Charles*, No. 3:22-cv-00076, 2022 U.S. Dist. LEXIS 100549, at *12 (M.D. Tenn. June 6, 2022) (citing *Toliver v. Braddy*, No. 420CV00132ALMCAN, 2021 U.S. Dist. LEXIS 53312, at *9-10 (E.D. Tex. Feb. 11, 2021); *see also Corley v. Vance*, 365 F. Supp. 3d 407, 460 (S.D.N.Y. 2019) (holding that appointed defense counsel and investigator "were not state actors, as required under § 1983"); *Cook v. Cnty. of Fresno*, No. 1:18-CV-01347-LJO-EPG, 2018 U.S. Dist. LEXIS 197189, at *3 (E.D. Cal. Nov. 19, 2018) ("[P]ublicly appointed investigators and paralegals do not act under 'color of state law' within the meaning of section 1983."); *Shegog v. Dowell*, No. 08-CV-02-WOB, 2008 U.S. Dist. LEXIS 2016, at *5 (E.D. Ky. Jan. 9, 2008) (holding that a court-appointed investigator does not act "under color of state law as required for liability to attach under Section 1983") (citing *Simmons v. Beinvenu*, 81 F.3d 173, at *3 (10th Cir. 1996)).

Thus, because Defendant Kenny is not a state actor, any § 1983 claim against him must be dismissed for failure to state a claim upon which relief may be granted.

### 3. Defendant Preston

Plaintiff sues Defendant Preston, Defendant Beard's supervisor at the DPA, in both his official and individual capacities. The Court need not determine whether Defendant Beard is a state actor because Plaintiff's claims against him fail either way. As explained above, if Defendant Preston is not a state actor, then Plaintiff's § 1983 claims against him are subject to dismissal. On the other hand, if Defendant Preston is a state actor, Plaintiff's claims against him fail for the following reasons.

First, state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Moreover, claims against state officials in their official capacities are deemed claims against the Commonwealth of Kentucky and are barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 167 n.15 (1985).

Second, as to Plaintiff's individual-capacity claim against Defendant Preston, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, to establish supervisory liability in a § 1983 action, there must be "a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. . . ." *Bellamy*, 729 F.2d at 421 (citing *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982)). Thus, because the doctrine of *respondeat superior* does not apply in § 1983 actions, even if Defendant Preston could be considered a state actor, Plaintiff's individual-capacity claim against him fails to state a claim upon which relief may be granted.

### C. State-Law Claim

Finally, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claim for the intentional infliction of emotional distress. See 28 U.S.C. § 1367(c)(3) ("[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

### IV.

For the foregoing reasons, the Court will enter a separate Order dismissing this action.

Date: April 24, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.011